UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-11745-RGS

ERIC DERRELL BARNES,
Petitioner

v.

WARDEN SPAULDING,
Respondent

ORDER ON REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

October 14, 2020

STEARNS, D.J.

I agree with Magistrate Judge Dein's thorough and comprehensive Report, specifically: (1) that petitioner Barnes has not established that he has been deprived of any protected liberty interest;[1] and (2) that even if such a deprivation were shown, the Petition fails to identify any violation of the applicable due process standard.[2]  Consequently, the Recommendation is

---

[1] As the Magistrate Judge correctly notes, the mere existence of a disciplinary infraction on petitioner's record does not establish the deprivation of petitioner's liberty interest where the Parole Commission expressly relied on other factors, e.g., the seriousness of his crime, to refuse to advance Barnes's early parole release date.

[2] As Magistrate Judge Dein notes, the controlling Supreme Court case is *Sandin v. Conner*, 515 U.S. 472 (1995), in which the Court announced that

ADOPTED and the petition is DISMISSED with prejudice.  Any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED, the court seeing no meritorious or substantial basis supporting an appeal.[3]  The Clerk is instructed to close the case.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE

---

it was returning to the due process principles established and applied in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and *Meachum v. Fano*, 427 U.S. 215 (1976), namely that liberty interests protected by the Due Process Clause are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 483-484.

[3] Barnes did not file an objection to the Report and Recommendation.